UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ELIZABETH PRESANT,

　Plaintiff,

vs.

DENTAL RESOURCE SYSTEMS, INC
d/b/a TRUDENTA
　Defendant.
_____/

**COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT**

Plaintiff, ELIZABETH PRESANT, sues Defendant, DENTAL RESOURCE SYSTEMS, INC d/b/a TRUDENTA, (hereinafter referred to as "Defendant" or "TRUDENTA"). as follows:

**NATURE OF ACTION**

1. The Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201, *et seq*.) ("FLSA") provides for minimum standards for both wages and overtime compensation.

**JURISDICTIONAL AND VENUE**

2. This Court has original federal question jurisdiction under 28 U.S.C § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

3. Venue is proper in this District because Defendant conducts business in this District; the Corporate Defendant has principal executive offices in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**PARTIES**

1

4. The Defendant, TRUDENTA is a Florida corporation with principal executive offices in Fort Lauderdale, Florida.

5. The Defendant is an employer under the Fair Labor Standard Act.

6. Plaintiff ELIZABETH PRESANT is a Florida resident and was been employed by Defendant during the relevant period between July, 2012 and December, 2015.

## COMMON FACTUAL ALLEGATIONS FOR ALL CLAIMS

7. PRESANT realleges and incorporate by reference ¶¶ 1-7

8. Defendant committed the following acts knowingly and willfully:

   (a) Defendant knew that nonpayment of all wages owed, minimum wages and overtime wages would economically injure the PRESANT and violate federal and/or state laws.

   (b) Notwithstanding such awareness Defendant has failed to pay her for all hours that she worked.

   (c) Each paycheck that PRESANT received while being employed by Defendant, consistently reflected payment for less total hours than the PRESANT and members of the class reported, indicating an alteration in Defendant's records of the PRESANT and members of the proposed Class's time worked, or, in the alternative, a will full act in order to enhance corporate profits.

   (d) PRESANT often worked more than 40 hours per week.

   (e) PRESANT was required to travel on weekends and make presentations in different cities including Las Vegas.

   (f) PRESANT was never compensated for her mandatory travel or for hours over forty

11.     Accordingly, PRESANT was not compensated at one and a half times her regular rate of pay for hours worked in excess of 40 per week.

12.     PRESANT was terminated in December, 2015.

COUNT I

**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE
FAIR LABOR STANDARDS ACT**

13.     PRESANT realleges and incorporate ¶¶ 1-7.

14.     At all times relevant hereto, PRESANT have been and continue to be entitled to the rights, protections and benefits provided under the FLSA.

15.     At all times relevant hereto, Defendant has been an employer as defined under 29 U.S.C. § 203(b) and (d).

16.     At all times relevant hereto, Defendant has been an "enterprise engaged in commerce or in the production of goods" as defined under 29 U.S.C. § 203(s)(1).

17.     Defendant's failure to pay overtime compensation for any time worked by iPRESANT and other hourly employees in excess of 40 hours was in violation of the FLSA.

18.     PRESANT typically worked over 40 hours a week but her hours were adjusted to 40 hour work weeks and no compensation given for the excess hours Defendant required them to work.

19.     The practices and policies described in this Complaint, by means of which PRESANT was deprived of overtime pay, constitute a company-wide practice which applied to Personal Cruise Sales Consultant and other hourly employees of Defendant.

20. PRESANT is entitled to unpaid overtime compensation beginning three years prior to the filing of this Complaint because Defendant acted knowingly and willfully and/or recklessly disregarded as to whether its conduct was prohibited by the FLSA.

21. PRESANT have retained the law offices the undersign attorneys to represent them in this action and are obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, PRESANT prays for judgment and the following specific relief against defendant TRUDENTA as follows:

(a) That the Court declare, adjudge and decree that this action is a proper class/collective action and certify the proposed Class and/or any other appropriate subclasses under FRCP Rule 23 and 29 U.S.C. § 216;

(b) That, at the earliest possible time, Plaintiff be allowed to give notice and maintain of as a collective action, or that the Court issue such notice, to all members of the proposed Class, with such notice informing them that this civil action has been filed, the nature of the action, and of their right to join this lawsuit;

(c) Entry of Judgment and Decree declaring that Defendant violated the payment of wage provisions of the FLSA With regards to the FLSA claims, and as to the PRESANT and the members of the proposed Class, an award of unpaid overtime compensation, together with an additional amount as liquidated

4

    damages, pre- and post-judgment interests, reasonable attorneys' fees and costs of this action.

(d) Award appropriate equitable and injunctive relief to remedy Defendant's violations of the FLSA, including but not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices and order PRESANT's reinstatement with full backpay and other benefits.

## DEMAND FOR JURY TRIAL

PRESANT demands trial by jury on all claims cognizable at law or as a matter of right.

      CORNELL & ASSOCIATES, P.A.
      Attorney for the Plaintiff
      2645 Executive Park Drive
      Weston, FL 33331
      Telephone:  (954) 618-1041
      Facsimile:  (954) 944-1969

      BY:  __/s/ G. Ware Cornell, Jr.
      G. WARE CORNELL JR.
      Florida Bar No: 203920
      ware@warecornell.com